**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4477**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DEVON SHERMAN MICKINS,

Defendant–Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:25-cr-00008-DJN-1)

Submitted:  May 20, 2026                                        Decided:  August 4, 2026

Before RUSHING and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Todd W. Blanche, Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; James Reed Sawyers, Assistant United States Attorney, Alexandria, Virginia, Katherine Elizabeth Groover, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devon Sherman Mickins appeals his sentence after pleading guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). On appeal, he contends the district court erred in finding that his prior conviction for malicious wounding in violation of Virginia Code § 18.2-51 qualifies as a crime of violence for purposes of calculating his base offense level under the United States Sentencing Guidelines. We affirm.

We review de novo whether a prior conviction qualifies as a crime of violence under the Guidelines. *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017). To qualify as a crime of violence under the relevant Guidelines provision, a predicate offense must have as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a). We use the categorical approach to determine whether a prior conviction qualifies as a crime of violence. *United States v. Covington*, 880 F.3d 129, 132 (4th Cir. 2018). "Under the categorical approach, the sentencing court must look only to the statutory definitions of the prior offenses and may not look to the particular facts underlying those convictions." *United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015) (alteration and internal quotation marks omitted). "In conducting this analysis, we focus on the minimum conduct required to sustain a conviction for the state crime." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016) (internal quotation marks omitted). If even that minimum conduct necessitates the use, attempted use, or threatened use of violent force against another, then the defendant's prior conviction qualifies as a crime of violence.

3

Mickins was previously convicted of malicious wounding in violation of Virginia Code § 18.2-51. Virginia defines both malicious wounding and the lesser-included offense of unlawful wounding in a single provision of the Code:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code § 18.2-51; *see Miller v. Commonwealth*, 359 S.E.2d 841, 842 (Va. Ct. App. 1987). We have repeatedly held that each offense "requires the use of physical force" and therefore is "a crime of violence." *United States v. Hunt*, 99 F.4th 161, 180 (4th Cir. 2024); *see also United States v. Alas*, 63 F.4th 269, 278–279 (4th Cir. 2023); *United States v. Manley*, 52 F.4th 143, 148–149 (4th Cir. 2022); *Moreno-Osorio v. Garland*, 2 F.4th 245, 253–254 (4th Cir. 2021); *United States v. Rumley*, 952 F.3d 538, 548–551 (4th Cir. 2020); *United States v. James*, 718 Fed. App. 201, 206 (4th Cir. 2018). Because Mickins's malicious wounding conviction qualifies as a crime of violence, the district court did not err in assigning him a base offense level of 22 under Guidelines § 2K2.1(a)(3).

We therefore affirm the district court's judgment. We deny Mickins's motion to submit an attachment to his reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*

4